RICHARDS et al. *v.* PRESLER.

In the absence of any proof of the residence of the parties to a note, and of any specification of the place of payment, the legality of the rate of interest stipulated in the note must be determined by the laws of the State in which it was dated.

Eight per cent a year is the highest rate of interest allowed by the laws of Mississippi, except in case of notes, or other written contracts, signed by the debtor, for the *bonā fide* loan of money, when ten per cent may be stipulated; and in these cases, the note or writing must express that it is for money loaned. Stat. of Miss. of 25 June, 1822.

By the laws of Mississippi, in case of an usurious contract, the principal only can be recovered. Stat. 25 June, 1822.

By the stat. of 19 Feb'y, 1844, no stipulation for conventional interest at a higher rate than eight per cent a year can be made, under the penalty of forfeiting the whole amount of interest.

APPEAL from the District Court of Concordia, *Curry*, J.    *Stacy* and *Sparrow*, for the plaintiffs.    *T. P. Farrar*, for the defendant, cited stat. of Miss. of 25 June, 1822, and *Coxe* v. *Rowly*, 12 Rob. 273.

The judgment of the court was pronounced by

SLIDELL, J.    This suit is brought upon three promissory notes drawn by the defendant and others, *in solido*, in favor of the plaintiffs, at twelve, twenty-four, and thirty-six months after date. They are dated at Fort Adams, in Mississippi, 11 February, 1841; no place of payment is specified, and they stipulate interest at ten per cent after maturity. The defence rests upon a plea of usury, under the statute of Mississippi.

At the trial of the cause, the notes were offered in evidence, and the Mississippi statute of 1822, regulating the subject of interest. It was admitted that Fort Adams was in the State of Mississippi, and that the defendant, at the institution of the suit, was living in Louisiana. But it is not proved that, at the time of making the contract, either of the parties lived out of Mississippi, or that the place of performance was to be out of that State.

Under the statute of Mississippi, we consider the agreement to pay ten per cent, usurious; and, we are of opinion that, under the state of facts above presented, the law of Mississippi must govern the contract, and determine its legal effect. Eight per cent per annum is the highest rate permitted by the statute, except in case of notes or other written contracts, signed by the debtor, for the *bonā fide* loan of money, in which case ten per cent may be agreed on. We have not been aided with authority from the decisions of that State, and the text of the statute is our only guide. As we understand its language, the note or writing must, in such cases, express that it is for money loaned. The present contracts do not fall, therefore, within the exception. Under the statute, the principal only can be recovered, in case of a usurious contract.

But the plaintiffs contend that, having brought suit in a court of this State, they are entitled to interest from judicial demand according to the law of the forum; that such interest appertains to the remedy, and constitutes no part of the contract. We deem the question immaterial in this case, which law ought to be applied; for both are against the plaintiffs. If we look to the statute of Mississippi, no interest whatever can be allowed; if we treat the matter as remedial, then the rule of the domestic forum, which allows interest on lawful contracts for the pay-

ment of money from judicial demand, cannot be extended to a contract tainted with usury, without violating the declared policy of our own statute. Upon usurious contracts made in our own State, the act of 1844, enacted before the institution of this suit, imposes the for feiture of the*entire* interest so contracted. An usurious foreign contract should not be more favorably.considered in our courts than a domestic one.

It is therefore decreed, that the judgment of the court, so far only as it allows interest from judicial demand, be reversed, and that, in other respects, the said judgment be affirmed, the plaintiffs paying the costs of this appeal.